UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| STEPHEN BUSHANSKY, | |
| Plaintiff, | Case No. _____ |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| OFFICE PROPERTIES INCOME TRUST, JENNIFER B. CLARK, DONNA D. FRAICHE, BARBARA D. GILMORE, JOHN L. HARRINGTON, WILLIAM A. LAMKIN, ELENA B. POPTODOROVA, ADAM D. PORTNOY, JEFFREY P. SOMERS, and MARK A. TALLEY, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Stephen Bushansky ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.  This action is brought by Plaintiff against Office Properties Income Trust ("OPI" or the "Company") and the members of OPI's Board of Trustees (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which OPI will acquire Diversified Healthcare Trust ("DHC") (the "Proposed Transaction").

2. On April 11, 2023, OPI issued a press release announcing that it had entered into an Agreement and Plan of Merger dated April 11, 2023 (the "Merger Agreement"). Under the terms of the Merger Agreement, holders of DHC common stock will receive 0.147 newly issued shares of OPI common stock for each share of DHC common stock (the "Merger Consideration"). Upon closing of the merger, OPI shareholders are expected to own approximately 58% of the combined company, and DHC shareholders are expected to own approximately 42% of the combined company.

3. On May 19, 2023, OPI filed a Form S-4 Registration Statement (as further amended, the "Registration Statement") with the SEC. The Registration Statement, which recommends that OPI stockholders vote in favor of the stock issuance in connection with the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) OPI's and DHC's financial projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by J.P. Morgan Securities LLC ("J.P. Morgan"); and (iii) the background of the Proposed Transaction. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as OPI stockholders need such information to make a fully informed decision whether to vote in favor of the stock issuance in connection with the Proposed Transaction.

4. In short, unless remedied, OPI's public stockholders will be forced to make a voting decision on the stock issuance in connection with the Proposed Transaction without full disclosure of all material information concerning the Proposed Transaction being provided to them. Plaintiff seeks to enjoin the stockholder vote on the stock issuance in connection with the Proposed Transaction unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Moreover, OPI's common stock trades on The Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of OPI.

9. Defendant OPI is a Maryland corporation, with its principal executive offices located at Two Newton Place, 255 Washington Street, Suite 300, Newton, Massachusetts 02458-1634. The Company is a REIT focused on owning, operating, and leasing properties. It is managed by the operating subsidiary of The RMR Group Inc. ("RMR"), an alternative asset management company that is headquartered in Newton, Massachusetts. OPI's common stock trades on The Nasdaq Global Select Market under the ticker symbol "OPI."

10. Defendant Jennifer B. Clark ("Clark") is Managing Trustee, has been Executive Vice President, General Counsel and Secretary of RMR Inc. since 2015, and has been a trustee of OPI since 2021. Defendant Clark also served as a trustee of DHC from 2018 to June 2021.

11. Defendant Donna D. Fraiche ("Fraiche") has been a trustee of the Company since 2019.

12. Defendant Barbara D. Gilmore ("Gilmore") has been a trustee of the Company since 2009.

13. Defendant John L. Harrington ("Harrington") has been a trustee of the Company since 2009.

14. Defendant William A. Lamkin ("Lamkin") has been a trustee of the Company since 2019.

15. Defendant Elena B. Poptodorova ("Poptodorova") has been Lead Independent Trustee since December 2019, and a trustee of the Company since 2017.

16. Defendant Adam D. Portnoy ("Portnoy") has been Chair of the Board since 2019, President and Chief Executive Officer ("CEO") of RMR Inc. since 2015, and a trustee of the Company since 2009.

17. Defendant Jeffrey P. Somers ("Somers") has been a trustee of the Company since 2009.

18. Defendant Mark A. Talley ("Talley") has been a trustee of the Company since the Company, and has been a director since 2014.

19. Defendants identified in paragraphs 10-18 are referred to herein as the "Board" or the "Individual Defendants."

**OTHER RELEVANT ENTITIES**

20. DHC is a REIT organized under Maryland law. DHC primarily owns MOB and life science properties, senior living communities and other health care related properties throughout the United States. DHC has no employees. Services which would otherwise be provided to DHC by employees are provided by RMR, DHC's manager, and by DHC's managing trustees and officers (each of whom are employees of RMR). As of March 31, 2023, DHC's consolidated portfolio consisted of 376 properties located in 36 states and Washington, D.C. DHC's portfolio as of March 31, 2023, included (i) 105 MOB and life science properties with approximately 8.8 million rentable square feet, (ii) 261 senior living communities, including independent living (including active adult), assisted living, memory care and skilled nursing facilities, with 27,389 living units, and (iii) 10 wellness centers with approximately 0.8 million square feet of interior space plus outdoor developed facilities.

**SUBSTANTIVE ALLEGATIONS**

<u>Background of the Company</u>

21. OPI is a national REIT focused on owning and leasing office properties primarily to single tenants and those with high credit quality characteristics. As of March 31, 2023, OPI owned 157 properties containing approximately 20.9 million rentable square feet and noncontrolling ownership interests of 51% and 50% in two unconsolidated joint ventures that own three properties containing approximately 0.4 million rentable square feet. OPI is managed by RMR, a leading U.S. alternative asset management company with over $37 billion in assets under management as of December 31, 2022, and more than 35 years of institutional experience in buying, selling, financing, and operating commercial real estate.

22. As of March 31, 2023, OPI's properties have an undepreciated carrying value of

approximately $4.0 billion and a depreciated carrying value of approximately $3.4 billion, excluding properties classified as held for sale. As of March 31, 2023, OPI's properties were leased to 267 different tenants, with a weighted average remaining lease term (based on annualized rental income) of approximately 6.4 years. The U.S. government is OPI's largest tenant, representing approximately 19.6% of its annualized rental income as of March 31, 2023.

23. On April 26, 2023, OPI announced its first quarter 2023 financial results and business development highlights. Net loss to the Company during the quarter was $0.4 million, or $0.01 per share, improved from net loss of $13.4 million, or $0.28 per share in the corresponding period of 2022.

**The Proposed Transaction**

24. On April 11, 2023, OPI issued a press release announcing the Proposed Transaction, which states, in relevant part:

> NEWTON, Mass.--(BUSINESS WIRE)-- Office Properties Income Trust (Nasdaq: OPI) today announced that it has entered into a definitive merger agreement with Diversified Healthcare Trust (Nasdaq: DHC), pursuant to which OPI will acquire all of the outstanding common shares of DHC in an all-share transaction. OPI will be the surviving entity in the merger and expects to change its name to "Diversified Properties Trust" upon the closing of the transaction and to continue to trade on The Nasdaq Stock Market LLC. The transaction was unanimously recommended by special committees of the respective Board of Trustees of OPI and DHC comprised of independent, disinterested trustees, and unanimously approved by the respective Board of Trustees.
>
> Pursuant to the merger agreement, DHC shareholders will receive 0.147 shares of OPI for each common share of DHC based on a fixed exchange ratio resulting in OPI shareholders owning approximately 58% of the combined company, and DHC shareholders owning approximately 42% of the combined company.
>
> Concurrent with today's announcement, OPI's Board of Trustees announced that it expects to reset OPI's cash distribution rate to $0.25 per share per quarter, or $1.00 per share per year, beginning in the second quarter of 2023. The new distribution rate will increase financial flexibility for OPI through the closing of the transaction and for the combined company post-closing.

> Christopher Bilotto, OPI's President and Chief Operating Officer made the following statement:
>
> "The merger establishes the combined company as a larger, more diversified REIT, better positioned for long-term growth and value creation for OPI shareholders. DHC has an attractive portfolio of healthcare real estate assets, including a portfolio of medical office and life science properties, with a work from home resistant tenant base, as well as private pay senior living communities that are expected to benefit from a strategic turnaround, a continued post-pandemic recovery and favorable long-term demographics."
>
> "Against a challenging backdrop for traditional office assets, this merger provides OPI access to stabilized cash flows from DHC's medical office and life science portfolio and NOI growth potential from its senior housing portfolio. OPI also expects to benefit from access to additional capital sources, including from low-cost government-sponsored sources, such as Fannie Mae and Freddie Mac. In addition, the distribution reset will provide OPI with increased financial flexibility, and the merger is expected to be accretive to OPI's normalized funds from operations and cash available for distribution beginning in the second half of 2024."
>
> "I am confident that the merger will create a stronger and more resilient combined company with more diversified revenue sources and decreased exposure to a weakening office market environment. I am excited for shareholders to benefit from the growth potential of the combined company."

The combined company will be led by the OPI executive management team and managed by The RMR Group (Nasdaq: RMR) and will be headquartered in Newton, MA. The transaction is subject to the approval of OPI and DHC shareholders and other customary closing conditions and is expected to close during the third quarter of 2023. RMR has agreed to waive the contractual termination fees associated with the DHC business management agreement and property management agreement with respect to the transaction.

OPI has secured a commitment from JPMorgan Chase Bank, NA for a $368 million bridge loan facility to help finance closing of the transaction.

Advisors

J.P. Morgan Securities LLC is acting as exclusive financial advisor and Wachtell, Lipton, Rosen & Katz is acting as legal advisor to the special committee of OPI's Board of Trustees in this transaction. JPMorgan Chase Bank, NA arranged OPI's bridge loan.

**The Registration Statement Contains Material Misstatements and Omissions**

25. Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) OPI's and DHC's financial projections; (ii) the inputs and assumptions underlying the financial analyses performed by J.P. Morgan; and (iii) the background of the Proposed Transaction. Accordingly, OPI stockholders are being asked to vote in favor of the stock issuance in connection with the Proposed Transaction without all material information at their disposal.

*Material Omissions Concerning OPI's and DHC's Financial Projections*

26. The Registration Statement omits material information regarding OPI's and DHC's financial projections.

27. For example, with respect to OPI's financial projections the Registration Statement fails to disclose the line items underlying NOI, Adjusted EBITDA*re*, Normalized FFO, Cash NOI and Unlevered Free Cash Flow.

28. With respect to DHC's financial projections the Registration Statement fails to disclose the line items underlying Office Portfolio NOI, Shop NOI, Consolidated NOI, Adjusted EBITDA*re*, Normalized FFO, Cash NOI and Unlevered Free Cash Flow.

29. The omission of this information renders the statements in the "Unaudited Prospective Financial Information of OPI" and "Unaudited Prospective Financial Information of DHC" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning J.P. Morgan's Financial Analyses*

30. The Registration Statement also describes J.P. Morgan's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of J.P. Morgan's fairness opinion and analysis fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, OPI's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on J.P. Morgan's fairness opinions in determining whether to vote in favor of the stock issuance in connection with the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to OPI's stockholders.

31. With respect to J.P. Morgan's *DHC Public Trading Multiples and Cap Rates* analysis, the implied cap rates and P/2024E funds from operations for each of the selected companies.

32. With respect to J.P. Morgan's *DHC Discounted Cash Flow* analysis, the Registration Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rates ranging from 9.5% to 10.0%; (ii) quantification of the net debt and other adjustments for DHC as of December 31, 2022; and (iii) the implied terminal multiples resulting from the analysis.

33. With respect to J.P. Morgan's *OPI Public Trading Multiples* analysis, the implied cap rates and P/2024E funds from operations for each of the selected companies.

34. With respect to J.P. Morgan's *OPI Discounted Cash Flow* analysis, the Registration Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rates ranging from 9.0% to 9.5%; (ii) quantification of the net debt and other adjustments for OPI as of December 31, 2022; and (iii) the implied terminal multiples resulting from the analysis.

35. The omission of this information renders the statements in the "Opinion of Financial Advisor to the OPI Special Committee" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

36. The Registration Statement omits material information regarding the background of the Proposed Transaction.

37. For example, the Registration Statement fails to disclose the amount of business management incentive fees for DHC or OPI that RMR is likely to earn in 2024, based on the incentive fee calculations prepared by RMR.

38. The omission of this information renders the statements in the "Background of the Merger" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

39. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the stock issuance in connection with the Proposed Transaction, Plaintiff and the other stockholders of OPI will be unable to make a sufficiently informed voting decision in connection with the stock issuance in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

40. Plaintiff repeats all previous allegations as if set forth in full.

41. During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, considering the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

42. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement. The Registration Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresents and/or omits material facts, including material information about: (i) OPI's and DHC's financial projections; (ii) the inputs and assumptions underlying J.P. Morgan's financial analyses; and (iii) the background of the Proposed Transaction. The defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the stock issuance in connection with the Proposed Transaction.

44. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

45. Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

### COUNT II

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. The Individual Defendants acted as controlling persons of OPI within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of OPI, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the transactions giving rise to the securities violations as alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Registration Statement.

50. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, OPI stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of OPI, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to OPI stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 12, 2023                  **WEISS LAW**

By /s/ Michael Rogovin
Michael Rogovin
476 Hardendorf Ave. NE
Atlanta, GA 30307
Tel: (404) 692-7910
Fax: (212) 682-3010
Email: mrogovin@weisslawllp.com

*Attorneys for Plaintiff*